**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PEDRO ROMAN,**

       **Plaintiff,**

**v.**                                          **Case No: 6:13-cv-577-Orl-31GJK**
                                                       **(CONSOLIDATED)**

**SOUTHEASTERN FREIGHT LINES,**
**INC.,**

       **Defendant.**

## ORDER

This matter is before the Court on Defendant Southeastern Freight Lines, Inc.'s ("Southeastern Freight") Motion for Order to Show Cause or to Compel Discovery (Doc. 30) ("Motion For Order to Show Cause"), filed November 15, 2013, and Southeastern Freight's Motion to Quantify Attorneys' Fees from Order Awarding Reasonable Fees and Costs (Doc. 31) ("Motion to Quantify Fees"), filed November 20, 2013. Plaintiff failed to file a timely response to either motion. Local Rule 3.01(b) (stating all responses in opposition to a motion must be filed within fourteen days of service of the motion). On November 21, 2013 this Court issued a Notice that an evidentiary hearing on these matters would be held on November, 26, 2013. The evidentiary hearing was held before this Court at which Defendants' counsel appeared, but Plaintiffs' counsel failed to appear. As of the date of this Order—twenty days after the Motion for Order to Show Cause and fifteen days after the Motion to Quantify Fees—Plaintiffs have still failed to respond to the motions or to seek leave for extension of time to respond.

### I. <u>Motion For Order to Show Cause</u>

The current Motion For Order to Show Cause is the last chapter in a continuing pattern of refusal on the part of Plaintiffs to satisfy their litigation obligations before this Court. First Plaintiffs failed to respond to the Court's Related Case Order (Doc. 6) and Interested Persons Order (Doc. 7), and the Court issued an Order to Show Cause and Plaintiffs were directed to respond by June 5, 2013 (Doc. 15)[1]. The Plaintiff responded to the Court's order to Show Cause, however it did so late on June 10, 2013. (Doc. 21). On July 15, 2013 Defendants moved to compel Plaintiffs to comply with their obligation to provide Rule 26 disclosures. (Doc. 24). Plaintiffs' counsel failed to respond to that motion, and on August 5, 2013 the Court granted the motion. (Doc. 25). Two months passed, and on October 8, 2013 Defendants again had to file a discovery motion to compel and/or determine the sufficiency of Plaintiffs' answers to written discovery requests. (Doc. 28). The Court determined that Plaintiffs' responses were insufficient and directed the Plaintiffs serve amended responses to the discovery requests within seven days of the Court's order issued on November 5, 2013. (Doc. 29). Plaintiffs failed to comply with that order which precipitated the current Motion for Order to Show Cause, which Plaintiffs have not bothered to respond to or appear before this Court to explain that failure. (Doc. 30 at 2). Further, Defendant's counsel has communicated with Plaintiffs' counsel regarding the November 5, 2013 Order—so Plaintiffs' counsel is plainly aware of Plaintiffs' obligations. (Doc. 30-3). This latest failure brings us current with Plaintiffs' repeated failures to do what is required of them in this case.

The Court finds this pattern of repeated failure to follow the Rules and this Court's orders to be a willful disregard for such obligations. *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, 412 F. App'x 230, 232 (11th Cir. 2011) (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987

---

[1] At this early stage of the case, Plaintiffs were warned that failure to comply with the Court's orders could result in dismissal of the case. (Doc. 15).

F.2d 1536, 1542 (11th Cir. 1993)) (holding that dismissals under Rule 37(b)(2)(A)(vi) must be predicated on "finding of willful or bad faith failure to comply"). Further, Plaintiffs repeated failures demonstrate that no lesser sanction than dismissal of Plaintiffs' claims would be sufficient. *See Id.* (citing *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)) (holding that dismissal only appropriate when lesser sanctions are insufficient).

## II. Motion to Quantify Attorneys' Fees

This Court has already determined that Defendants are entitled to an award of reasonable attorneys' fees and costs for bringing an earlier Motion to Compel. (Doc. 29 at 5). The present Motion to Quantify Fees seeks to quantify those fees and costs and requests an award in the amount of $1,725.00. (Doc. 31). Plaintiffs have not responded to the Motion to Quantify Fees, and it is therefore deemed unopposed. Because the Motion to Quantify Fees is unopposed and appears meritorious, the Court will grant it. Further, based on representations by Defendants' counsel at the November 26, 2013 evidentiary hearing, the Court awards an additional $500.00 for Defendants' appearance at the hearing at which Plaintiffs' counsel failed to appear.

## III. Order to Show Cause

As explained above, the Court and Defendant have repeatedly had to expend time and effort due to Plaintiffs' counsel's repeated failure to comply with basic federal litigation obligations and this Court's orders. These failures have multiplied the proceedings before this Court. Accordingly, the Court directs Plaintiffs' counsel to show cause within seven (7) days of this Order why the multiplication of proceedings was not unreasonable and vexatious and why the Court should not impose the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927.

Based on the foregoing, it is **ORDERED:**

- The Motion For Order to Show Cause (Doc. 30) is **GRANTED**. The Court Orders that Plaintiffs' complaints in the consolidated cases be **DISMISSED WITH PREJUDICE**. The Clerk is directed to close all consolidated cases.

- The Motion to Quantify Attorneys' Fees is (Doc. 31) is **GRANTED.** Plaintiffs are ordered to remit $2,250 to Defendants within thirty (30) days of the date of this Order.

- Plaintiffs' counsel is ordered to show cause within seven (7) days of the date of this Order why he should not be sanctioned pursuant to 28 U.S.C. § 1927.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 5, 2013.

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party